THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALEJANDRO RAMÍREZ GONZÁLEZ, Defendant and Appellant.

No. 9081. Argued July 15, 1942.—Decided July 31, 1942.

*Felipe Colón Díaz* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a case of aggravated assault and battery. Alejandro Ramírez González was charged, in the Municipal Court of Ponce by Corporal Rosario of the Insular Police,

with having assaulted and wounded Moreno Martínez with a shotgun, in Playa de Ponce on November 27, 1937, with the intention of causing him bodily injury and inflicting several wounds.

An appeal was taken to the district court and, after a trial *de novo* had been held pursuant to law, Ramírez was found guilty and sentenced to pay a fine of $100 and in default of such payment to be confined in jail one day for each dollar left unpaid. Thereupon he appealed to this Supreme Court and the only error assigned by him is that the district court erred in holding the evidence as sufficient to convict him.

█ Moreno testified definitely that at the place and time charged in the complaint, while he went with some boys to fetch some leaves for his mother who was sick, the defendant said to him: "Come here, Big, I am looking for you." He explained that they called him "Big" (*Grande*) and continued: "Then I was leaving that place, when he aimed at me with the shotgun; I thought that he was not going to do anything to me; he shot at me and I threw myself into the ditch and hid there." He showed where he was wounded by the shot discharged from the gun. He said that he was accompanied by Pedro Rosado, Domingo Ruiz, and Tomás Ramírez, whom he mentioned as witnesses from the start, but the police did not call them. He denied that he was eating sugar cane or that he had any knife in his hand. His companions ran away when the shot was fired.

Against that testimony there is the testimony of the defendant and that of the witness Baldomero Soler. The former testified that he was a watchman of the Reparada Estate and that he carried a gun to defend the property and himself; that Moreno was accompanied by four other persons, each carrying a knife; that he saw them come out of a cane field and told them to go away and they refused, and when he threatened to take them to the estate headquarters,

they became defiant and he began to retreat, and Moreno attacked him brandishing a knife and he had to make use of his shotgun. The witness Soler, who worked on the cane field, tended to corroborate the testimony of the defendant.

The court decided the conflict against the appellant, and in his brief the latter attempts to show that such decision was erroneous. He cites §§520 and 524 of the Code of Civil Procedure in the sense that no credence should have been given to the testimony of the injured person because at the trial it was shown that he had not told the truth when he testified that the occurrence had not taken place in the cane field, after he had stated the contrary to the police.

Upon examining the testimony of Sergeant Rosario and Guardsman Arce, we find that the supposed contradiction may be explained without detriment to the credibility of the witness. At the trial the injured person testified directly. What the sergeant and the guardsman testified is what, according to them, the injured person stated to them at the preliminary investigation. And what was finally testified by the sergeant explained satisfactorily what had happened, to wit: that the injured person admitted "that he was in the cane field. He never denied that he had gone there to fetch some leaves for a medicine for his mother." This harmonizes with the entire testimony of the injured person before the trial judge.

On the contrary, what can not be explained is why, as appears from the testimony of Guardsman Arce, who was the first one to call on the defendant, the latter failed to state to him that Moreno had attacked the defendant with a knife, but stated only that he was a watchman of the Reparada Estate and that the boys had insulted his wife who was around the property, adding that those boys were in the habit of going there to eat sugar cane.

There has been no showing of passion, prejudice, partiality, or manifest error on the part of the trial court, in

deciding the conflict in the evidence by not believing the new theory of self-defense in connection with the defense of the property relied on by the defendant.

 If the latter was not attacked, the fact that the injured person and his friends were on the land of which the defendant had charge, even though he should find them eating sugar cane, did not justify him in shooting his gun and wounding one of them.

The imposition by the trial judge of a fine of $100, when he could have imposed one of $1,000, or two years in jail, or both penalties concurrently, showed that the trial judge took into consideration any attendant circumstance in favor of the defendant, without acquitting him of the charge, for an acquittal would have been unjust in view of the conclusion reached as to the truth of what happened.

The appeal must be dismissed and the judgment appealed from affirmed.